895 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roman NORWOOD-BEY, Plaintiff-Appellant,
v.
C. NAVARRO; Michael Madery; Dennis Straub; George P.
Graham, Defendants-Appellees.
 No. 89-2157.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1990.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner has filed a motion for appointment of counsel in his appeal from the district court's summary judgment dismissing his civil rights claim filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive and monetary relief, Roman Norwood-Bey alleged that defendants deprived him of his liberty without due process of law by classifying him to administrative segregation without a hearing.
 
 
 3
 Upon review we conclude that summary judgment was proper, under Rule 56, Fed.R.Civ.P., because no genuine issue of material fact exists and defendants are entitled to judgment as a matter of law.
 
 
 4
 Norwood-Bey was charged with threatening a corrections officer and was placed in administrative segregation pending a misconduct hearing. The hearing was delayed and the charge dismissed on grounds of delay. A second hearing was convened to determine whether Norwood-Bey should remain in administrative segregation based on the corrections officer's allegation of threatening behavior. This proceeding was dismissed on grounds that the officer's statement was hearsay. Defendants convened a third time to determine whether Norwood-Bey should be reclassified to administrative segregation. Norwood-Bey alleged that, contrary to defendants' sworn statements, he did not attend this final proceeding at which the complaining officer appeared to identify the inmate who threatened her.
 
 
 5
 Summary judgment was proper because no genuine issue of material fact exists. A genuine issue of material fact is one which will affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Although the parties disagree as to whether Norwood-Bey was present at the third "hearing," the dispute does not affect the outcome of Norwood-Bey's suit.
 
 
 6
 Defendants are entitled to judgment as a matter of law because Norwood-Bey's allegations are insufficient to demonstrate a constitutional violation. Where a state has created a liberty interest in remaining free from placement in administrative segregation, the focus of review should be what process is due the prisoner who faces disciplinary charges or reclassification. E.g., Beard v. Livesay, 798 F.2d 874, 879 (6th Cir.1986). As a minimum, a prisoner should receive written notice in advance of a hearing, be permitted to present evidence, and be provided with a written statement of the evidence on which a reclassification decision is based. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Review of the record shows that Norwood-Bey was advised of defendants' intentions to retain him in administrative segregation, that he had an opportunity to present his own statement at the second hearing, and that he was advised of the reasons for the resulting reclassification. Norwood-Bey received the process due him.
 
 
 7
 Accordingly, the motion for appointment of counsel is denied, and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.